NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0022n.06
Filed: January 8, 2007

No. 06-3065

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| CHARLES JONES, )<br><br>Plaintiff-Appellant, )<br><br>v. )<br><br>DAIMLERCHRYSLER CORPORATION, )<br><br>Defendant, )<br><br>INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW (LOCAL 12), )<br><br>Defendant-Appellee. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

Before: MARTIN, NORRIS and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiff-appellant Charles Jones appeals the grant of summary judgment by the district court to defendant-appellee International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (Local 12) (the "Union") on his claim for breach of the duty of fair representation that is implied under the National Labor Relations Act ("NLRA"). Jones complains that the Union failed to fairly represent him in pursuing two grievances for violations of the Collective Bargaining Agreement ("CBA") by defendant DaimlerChrysler Corporation (the "Company"). Jones originally sued both the Union for

-1-

breach of its duty of fair representation and the Company for breach of the CBA and for a Family and Medical Leave Act ("FMLA") violation. The district court granted summary judgment to the Company on the claimed violation of the CBA[1] and to the Union on the claimed breach of the duty of fair representation. Jones only appeals the grant of summary judgment to the Union and explicitly does not appeal the district court's decision to grant summary judgment to the Company.

Hybrid § 301/fair representation actions involve both a claim against the plaintiff's employer under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging breach of the CBA, and a claim against the union for breach of the duty of fair representation that is implied under the NLRA. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). The two claims are "inextricably interdependent." *Id*. at 164. "[T]o recover against *either* the Company *or* the Union, [the plaintiff] must show that the Company breached the Agreement *and* that the Union breached its duty of fair representation. Unless [the plaintiff] demonstrates *both* violations, he cannot succeed against either party." *Bagsby v. Lewis Bros., Inc., of Tenn.*, 820 F.2d 799, 801 (6th Cir. 1987) (internal citation omitted). "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165. It is of no consequence that Jones settled with the Company. *See Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 n.8 (6th Cir. 2003). As Jones does not appeal the district court's grant of summary judgment to the Company, its conclusion that the Company did not violate the CBA is dispositive, and Jones's claim against the Union for breach of duty of fair representation must fail.

---

[1]The FMLA claim was disposed of in part by a grant of summary judgment to the Company and in part by settlement.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the Union.